UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**JEFFREY DANIEL BURR,**

      **Petitioner,**

  v.                                                                          Case No. 04-C-992

**WARDEN DANIEL BERTRAND,**

      **Respondent.**

## ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S REQUEST FOR A CERTIFICATE OF APPEALABILITY

On October 12, 2004, Jeffrey Daniel Burr ("Burr"), a person incarcerated pursuant to a state court judgment, proceeding with the assistance of counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 19, 2004, the Honorable Thomas J. Curran screened Burr's petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases and ordered the respondent to answer the petition. This case was then transferred to this court upon all parties consenting to the full jurisdiction of a magistrate judge. On October 31, 2007, this court denied Burr's petition on its merits and ordered judgment be entered accordingly. Currently pending before this court is Burr's request for a certificate of appealability ("COA").

Before he may proceed on appeal, the petitioner must receive a COA. 28 U.S.C. § 2253; Fed. R. App. P. 22(b). To obtain a COA, the petitioner must make "a substantial showing of the denial of a constitutional right." § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Burr requests a COA regarding only five grounds raised in his petition: (1) Burr's right of confrontation was violated when he was denied the opportunity to cross-examine an immunized state witness about whether the witness was aware that the charge he was avoiding carried a mandatory sentence of life in prison; (2) the trial court improperly excluded the prior statements of witness; (3) the court failed to instruct the jury that a person cannot be criminally liable for the actions of other is he is merely a bystander; (4) Burr's sentence was based upon false information; and (5) Burr was penalized at sentencing for exercising his right against self-incrimination. Burr acknowledges that he is not requesting a COA regarding two claims he raised in his petition: (1) the trial judge was biased against the defense resulting in a violation of Burr's due process right to a fair trial; and (2) the prosecutor misstated evidence and testified during his closing argument which violated Burr's due process right to a fair trial.

For the reasons set forth in this court's prior decision and order resolving Burr's petition upon its merits, the court finds that Burr has failed to demonstrate a substantial showing of the denial of a constitutional right and has failed to demonstrate that jurists of reason could find debatable this court's conclusion regarding whether (1) Burr's right of confrontation was violated when he was denied the opportunity to cross-examine an immunized state witness about whether the witness was aware that the charge he was avoiding carried a mandatory sentence of life in prison; (2) the trial court improperly excluded the prior statements of witness; and (3) the court failed to instruct the jury that a person cannot be criminally liable for the actions of other is he is merely a bystander. Therefore, the court shall deny Burr's request as to these claims.

However, with respect to Burr's claim regarding the sentencing court allegedly relying upon inaccurate information in sentencing Burr, and that he was penalized at sentencing for exercising his right against self-incrimination, the court finds that Burr has met his burden in demonstrating that

jurists of reason may debate whether this court's resolution of his petition was correct. Therefore, the court shall grant Burr's request for a COA with respect to these claims.

**IT IS THEREFORE ORDERED** that, for the reasons set forth above, Jeffrey Daniel Burr's request for a certificate of appealability is **granted in part and denied in part**. Burr's request for a certificate of appealability is **denied** with respect to his claims that (1) his right of confrontation was violated when he was denied the opportunity to cross-examine an immunized state witness about whether the witness was aware that the charge he was avoiding carried a mandatory sentence of life in prison; (2) the trial court improperly excluded the prior statements of witness; and (3) the court failed to instruct the jury that a person cannot be criminally liable for the actions of other is he is merely a bystander. However, Burr has satisfied the showing required under 28 U.S.C. § 2253(c)(2) with respect to his claims that (1) the sentencing court allegedly relying upon inaccurate information in sentencing Burr; and (2) that he was penalized at sentencing for exercising his right against self-incrimination, and therefore his request for a certificate of appealability is **granted** as to these two grounds.

Dated at Milwaukee, Wisconsin this 21st day of December, 2007.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge

- 3 -
Case 2:04-cv-00992-AEG   Filed 12/21/07   Page 3 of 3   Document 26